Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

OCT 26 PH 3:

R. ROOKER, CLERK

[X] First

☐ Alias

☐ Pluries

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,

_____ **Plaintiff**

Vs.

AMAZON.COM, INC.

Corporation Services Company

2711 Centerville Road, Suite 400

Wilmington, DE 19808

_____ **Defendant**

DOCKET NO. C  16 C 2867

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

[X] Secretary of State  $20/$120  CK# 3812

☐ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

D. w/C, INT. & REQ

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: __10/26/2016__

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Steven E. Anderson, BPR #013143 |
| | Anderson & Reynolds, PLC |
| | Address |
| | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Case 3:16-cv-03013   Document 1-2   Filed 11/21/16   Page 1 of 54 PageID #: 8

Copy

CIRCUIT COURT SUMMONS                                             NASHVILLE, TENNESSEE

**STATE OF TENNESSEE**
**DAVIDSON COUNTY** OCT 26 FH 3: 1
**20TH JUDICIAL DISTRICT**

☒ First
☐ Alias
☐ Pluries

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,
_____ Plaintiff

Vs.

AMAZON.COM.DEDC, LLC

Corporation Service Company

2908 Poston Avenue

Nashville, TN 37203-1312
_____ Defendant

DOCKET NO: 16C2867

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☐ Certified Mail

☒ Personal Service

☐ Commissioner of Insurance

D2 W/C, INT & REQ

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 10/26/2016

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Steven E. Anderson, BPR #013143 |
|---|---|
| | Anderson & Reynolds, PLC |
| | Address |
| | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy



| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

OCT 26 PM

☒ First
☐ Alias
☐ Pluries

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,

Plaintiff

**DOCKET NO.** 16C2867

Vs.

AMAZON SERVICES, LLC

CSC Services of Nevada, Inc.

2215-B Renaissance Drive

Las Vegas, NV 89119

Defendant

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☒ Secretary of State $20/$120 CK# 3812

☐ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

D3 w/c, Int + Reg

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 10/26/2016

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Steven E. Anderson, BPR #013143 |
| | Anderson & Reynolds, PLC |
| | Address |
| | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

OCT 26 PM 3:
CLERK

☒ First
☐ Alias
☐ Pluries

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,

_____ Plaintiff

Vs.

AMAZON CORPORATE, LLC

Corporation Services Company

2711 Centerville Road, Suite 400

Wilmington, DE 19808

_____ Defendant

CIVIL ACTION
DOCKET NO.: 16C2867

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☒ Secretary of State  $20/$120
CK # 3912

☐ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

Du W/C, Int + Req

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 10/20/2016

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Steven E. Anderson, BPR #013143 |
|---|---|
| | Anderson & Reynolds, PLC |
| | Address |
| | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

☒ First
☐ Alias
☐ Pluries

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,

                                                    Plaintiff

Vs.

AMAZON GLOBAL RESOURCES, LLC

Corporation Service Company

2711 Centerville Road, Suite 400

Wilmington, DE 19808

                                                    Defendant

CIVIL ACTION
DOCKET NO: 16C2867

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☒ Secretary of State $20/$120
    CK #3812

☐ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

DS W/C, Int + Reg

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 10/26/2016

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee.

By: _____
         Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Steven E. Anderson, BPR #013143 |
| or, | Anderson & Reynolds, PLC |
| | Address |
| PLAINTIFF'S ADDRESS | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

CIRCUIT COURT SUMMONS                   NASHVILLE, TENNESSEE

**STATE OF TENNESSEE**
**DAVIDSON COUNTY** 26 FH 3: 13
**20TH JUDICIAL DISTRICT** CLER

☒ First
☐ Alias
☐ Pluries

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

ACTION
DOCKET NO. _16C2867_

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,
                             Plaintiff

**Method of Service:**

☐ Davidson County Sheriff

Vs.
                                 ☐ Out of County Sheriff

AMAZON PAYMENTS, INC.
                                 ☐ Secretary of State

Corporation Service Company
                                 ☐ Certified Mail

2908 Poston Avenue
                                 ☒ Personal Service

Nashville, TN 37203-1312
                                 ☐ Commissioner of Insurance
                      Defendant

D6 w/c,Int + Req

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _10/26/2016_

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Steven E. Anderson, BPR #013143 |
|---|---|
| or | Anderson & Reynolds, PLC |
| | Address |
| PLAINTIFF'S ADDRESS | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

# CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY OCT 26 PM 3: 13
## 20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

CIVIL ACTION
DOCKET NO. 16C2867

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,

Plaintiff

**Method of Service:**

Vs.

☐ Davidson County Sheriff

☐ Out of County Sheriff

AMAZON FULFILLMENT SERVICES, INC.

☐ Secretary of State

Corporation Service Company

☐ Certified Mail

2908 Poston Avenue

☒ Personal Service

Nashville, TN 37203-1312

☐ Commissioner of Insurance

Defendant

D7 W/C, Int + Req

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 10/26/2016

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Steven E. Anderson, BPR #013143 |
|---|---|
| | Anderson & Reynolds, PLC |
| | Address |
| | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Case 3:16-cv-03013   Document 1-2   Filed 11/21/16   Page 7 of 54 PageID #: 14

Copy

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

☒ First
☒ Alias
☐ Pluries

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,
_____ Plaintiff

Vs.

AMAZON.COM.KYDC, LLC

Corporation Service Company

2711 Centerville Road, Suite 400

Wilmington, DE 19808
_____ Defendant

CIVIL ACTION
DOCKET NO. 16C2867

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☒ Secretary of State $20/$120
CK# 3812

☐ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

Dg w/c, Int + Reg

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 10/26/2016

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Steven E. Anderson, BPR #013143 |
|---|---|
| or | Anderson & Reynolds, PLC |
| | Address |
| PLAINTIFF'S ADDRESS | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ 2Pluries

M D

CIVIL ACTION

DOCKET NO. 16C2867

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,

Plaintiff

Vs.

W2M TRADING CORP

C/O KEVIN MA

1643 West 4th Street, APT # 2R

Brooklyn, NY 11223

Defendant

**Method of Service:**

☐ Davidson County Sheriff
☐ Out of County Sheriff
☒ Secretary of State $20/$120 CK # 3812
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

Dg w/c, Int + Req

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 10/26/2016

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Steven E. Anderson, BPR #013143 |
| | Anderson & Reynolds, PLC |
| | Address |
| | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.



**CIRCUIT COURT SUMMONS**                    NASHVILLE, TENNESSEE

**STATE OF TENNESSEE**                              ☒ First
**DAVIDSON COUNTY** OCT 26 PH 3: 1        ☐ Alias
**20TH JUDICIAL DISTRICT** R. ROOKER, CLERK  ☐ Pluries

CHARLES BRIAN FOX and MEGAN FOX, Individually and as     CIVIL ACTION DOCKET NO. 16C2867

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,
                                          Plaintiff

|  | **Method of Service:** |
|---|---|
| **Vs.** | ☐ Davidson County Sheriff |
|  | ☐ Out of County Sheriff |
| AMAZON.COM.DEDC, LLC | ☐ Secretary of State |
| Corporation Service Company | ☐ Certified Mail |
| 2908 Poston Avenue | ☒ Personal Service |
| Nashville, TN 37203-1312 | ☐ Commissioner of Insurance |

Defendant

D2 W/C, INT & REQ

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

**ISSUED:** __10/26/2016__

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

**By:** _____
Deputy Clerk

| **ATTORNEY FOR PLAINTIFF** | Steven E. Anderson, BPR #013143 |
|---|---|
| or | Anderson & Reynolds, PLC |
| **PLAINTIFF'S ADDRESS** | Address |
|  | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the __27th__ day of __Oct.__ , 20 __16__ , I:

__Richard Davis__ served this summons and complaint/petition on __Amazon-Com. DEDC. LLC__

_____ in the following manner:

__hand delivery to Corporation Services Company__

failed to serve this summons within 90 days after its issuance because _____

__Richard A Davis PPS.__
Sheriff/Process Server

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 ____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____ . On the _____ day of

_____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____ , 20 ____ . Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____ , 20____ .

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.



CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY 25 FM 3: 13
## 20TH JUDICIAL DISTRICT ROOKER CLERK

☒ First
☐ Alias
☐ Pluries

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,

                                            Plaintiff

ACTION
DOCKET NO. 16C2867

**Method of Service:**

☐ Davidson County Sheriff

**Vs.**

☐ Out of County Sheriff

AMAZON PAYMENTS, INC.

☐ Secretary of State

Corporation Service Company

☐ Certified Mail

2908 Poston Avenue

☒ Personal Service

Nashville, TN 37203-1312

                                            Defendant

☐ Commissioner of Insurance

D6 W/C,Int + Req

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 10/26/2016

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Steven E. Anderson, BPR #013143 |
| --- | --- |
| or | Anderson & Reynolds, PLC |
| | Address |
| PLAINTIFF'S ADDRESS | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the __27th__ day of __Oct__ , 20 __16__ , I:

__Richard Davis__ served this summons and complaint/petition on __Amazon Payments, Inc.__

in the following manner:

__hand delivery to Corporation Services Company__

failed to serve this summons within 90 days after its issuance because

__Richard A Davis__   P.P.S.
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 ____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____ . On the _____ day of

_____ , I received the return receipt for said registered or certified mail, which had been signed

by: _____ on the _____ day of _____ , 20 ____ . Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____ , 20 ____ .

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or ___ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

　　Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.



CIRCUIT COURT SUMMONS                                         NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

OCT 26 PM 3: 13

[ ] First
[ ] Alias
[ ] Pluries
(First checked with X)

CHARLES BRIAN FOX and MEGAN FOX, Individually and as

Parents and Next Friends of HAILEY FOX, MATTHEW FOX,

REBECCA FOX and SARAH FOX, Individually,

                                              Plaintiff

Vs.

AMAZON FULFILLMENT SERVICES, INC.

Corporation Service Company

2908 Poston Avenue

Nashville, TN 37203-1312

                                              Defendant

CIVIL ACTION
DOCKET NO. 16C2867

**Method of Service:**

[ ] Davidson County Sheriff

[ ] Out of County Sheriff

[ ] Secretary of State

[ ] Certified Mail

[X] Personal Service

[ ] Commissioner of Insurance

D7 W/C, Int + Req

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: __10/26/2016__

                                   **RICHARD R. ROOKER**
                                   Circuit Court Clerk
                                   Davidson County, Tennessee

                            By: _____
                                        Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Steven E. Anderson, BPR #013143 |
| or | Anderson & Reynolds, PLC |
| | Address |
| PLAINTIFF'S ADDRESS | 120 30th Avenue, North, Nashville, TN 37203; (615)942-1700 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

                                   **RICHARD R. ROOKER**
                                   Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

                                        _____
                                              **SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ___27th___ day of ___October___, 20 _16_, I:

| Richard Davis | served this summons and complaint/petition on ___Amazon Fulfillment Services, Inc.___

in the following manner:

___hand delivery to Corporation Services Company___

failed to serve this summons within 90 days after its issuance because _____

___Richard H Davis P.P.S.___
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 ___ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____. On the _____ day of

_____, I received the return receipt for said registered or certified mail, which had been signed

by _____, 20 ___ on the _____ day of _____, 20 ___. Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20 ___.

_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

Charles Brian Fox and Megan Fox, )
Individually and as Parents and )
Next Friends of Hailey Fox, )
Matthew Fox, Rebecca Fox, and )
Sarah Fox, individually, )
  )
Plaintiffs, )
  )
vs. )          Case No. 16C2867
  )          JURY DEMAND
Amazon.com, Inc., )
Amazon.com.DEDC, LLC, )
Amazon Services, LLC, )
Amazon Corporate, LLC, )
Amazon Global Resources, LLC )
Amazon Payments, Inc., d/b/a )
Amazon Marketplace Payments, )
Amazon Fulfillment Services, Inc., )
Amazon.com.KYDC, LLC, )
W2M Trading Corporation , )
  )
Defendants. )

## COMPLAINT

### I.    Parties, Jurisdiction, And Venue

1.    Plaintiffs Charles Brian Fox (Brian Fox) and Megan Fox, individually and as the parents and next friends of their minor children Hailey, Matthew, Rebecca, and Sarah are residents of Davidson County, Tennessee. They were residents of Davidson County with respect to all of the events described.

2.    Amazon.com, Inc. and its multitude of wholly-owned subsidiaries and affiliated corporations are worldwide sellers and distributors of products through the well-known website

1

Amazon.com. Amazon.com, Inc. is a Delaware corporation which does business in Tennessee either through itself or the many wholly-owned subsidiaries and affiliated corporations and entities which it controls. Amazon.com, Inc. has no parent company. Amazon.com, Inc. and its wholly-owned subsidiaries and affiliated corporations and entities have woven a corporate web of thousands of corporate entities throughout the United States and the world, thus rendering potential litigants unable to determine which Amazon corporate entity(ies) are engaged in the conduct at issue.

3.     The Amazon Defendants retained legal counsel who purported to represent "Amazon" in his correspondence. Despite being directly asked more than once which of the many Amazon entities that he represented with respect to the claims which are the subject of this Complaint, the Amazon Defendants' counsel never responded.

4.     Based on Plaintiffs' investigation, which was hampered as described in the preceding paragraphs, the following corporate Amazon entities have at least some connection to the events alleged in this matter, either by way of the marketing of the product on the Amazon.com website, the sale of the product, the fulfillment of the order, the packaging and/or shipping of the product, and/or the receipt of money. Amazon.com, DEDC, LLC is a wholly-owned subsidiary of Amazon.com, Inc., is a Delaware corporation, and is authorized to do business in Tennessee. Amazon Services, LLC is a wholly-owned subsidiary of Amazon.com, Inc. involved in the sale of products by both professional and individual sellers. Amazon Global Resources, Inc. is a wholly-owned subsidiary of Amazon.com, Inc. involved in the sale and/or distribution of products sold on the Amazon.com website. Amazon Corporate, LLC is a wholly-owned subsidiary of Amazon Global Resources, Inc. Amazon Payments, Inc. is a wholly-owned subsidiary of either Amazon.com, Inc. or Amazon Global Resources, Inc. and is authorized to do

2

business in Tennessee. Upon information and belief, Amazon Payments, Inc. is the entity which received money from Mrs. Fox for the purchase of the product at issue, through the use of the name "Amazon Marketplace Payments." Amazon Fulfillment Services, Inc. is a wholly-owned subsidiary of parent company Amazon.com, Inc. and is, upon information and belief, connected to the fulfillment of Plaintiff Megan Fox's order. Amazon.com.KYDC, Inc. is the entity which shipped the product via UPS to Plaintiff Megan Fox. Based on these facts and the fact that it is impossible to determine precisely which Amazon entity was involved in each aspect of the events alleged, Plaintiffs will hereafter refer to the Amazon Defendants as "Amazon" or "the Amazon Defendants."

5.     The Amazon Defendants contend that W2M Trading Corporation, a New York corporation, participated in the sale of the product at issue. Based on that contention, W2M Trading Corporation is named as a defendant in this action.

6.     Plaintiff Megan Fox purchased a self-balancing scooter, more commonly known as a hoverboard, through the Amazon.com website on November 3, 2015. She kept the hoverboard in its box in a closet in the family's house at 6529 Radcliff Drive in Nashville, Davidson County, Tennessee until just before Christmas. As more specifically described below, the hoverboard burst into flames inside the Fox house on Saturday, January 9, 2016. The fire completely destroyed the Plaintiffs' house and virtually all of their personal belongings in a matter of minutes. More importantly, the lives of Hailey (16 years old) and Matthew Fox (14 years old) were nearly taken, but their courage and the heroic efforts of their father allowed them to escape with serious personal and psychological injuries. Brian Fox suffered serious personal and psychological injuries in the process of trying to save his two children. Megan, Rebecca (12

3

years old), and Sarah Fox (6 years old) suffered serious psychological injuries in witnessing this horrific event and in losing virtually every personal possession.

7.     Based on these facts, this Court has jurisdiction over Defendants, and venue is proper over this action pursuant to Tenn. Code Ann. § 20-4-101.

## II. Facts

### A.     Hoverboard Purchase From Amazon.com

8.     Plaintiff Megan Fox purchased a self-balancing scooter, more commonly known as a hoverboard (hereinafter referred to as a "hoverboard"), from the Amazon.com website on November 3, 2015.

9.     Mrs. Fox determined that the best product was a FITURBO® F1 which she could purchase from Amazon. Amazon represented that the product was a FITURBO® F1, that it was being shipped from China, that the product was being sold by "W-Deals," and that the product contained an "Original Samsung Advanced Battery." The Amazon Defendants contend that W-Deals is Defendant W2M Trading Corporation.

10.     Mrs. Fox paid $274.79 for the hoverboard through Amazon's website. Her credit card was charged by "Amazon Marketplace Payments".

11.     The Amazon Defendants have asserted that they "did not in any way handle, package or mail the product." They have even claimed that Plaintiff Megan Fox is mistaken in her belief that she received the hoverboard from the Amazon Defendants. The Amazon Defendants' position is false, and they either knew or certainly should have known that it was false. The hoverboard was shipped from Defendant Amazon.com.KYDC, Inc. to the Fox house on November 18, 2015, via UPS Ground at 3:32 p.m., tracking number 1ZW470Y10383999105.

4

UPS is the preferred shipper of Amazon, and the most rudimentary investigation would have revealed these facts.

12.     Mrs. Fox kept the hoverboard hidden in a closet in the house. She did not open the shipping package until just before Christmas 2015.

13.     The hoverboard in its packaging was wrapped and was given to their son Matthew for Christmas. Inside the hoverboard packaging was a small instruction pamphlet. The instruction pamphlet was entitled "Smart Drifting Scooter" although the packaging refers to the product as "Smart Balance Wheel." The instruction pamphlet contained no warnings about the risk of fire, no warnings about excessive heat following use, and no warnings about excessive heat or the risk of fire while charging the product or shortly thereafter.

## B.     The Events of January 9, 2016

14.     Matthew and other family members enjoyed the use of the hoverboard from Christmas until January 9, 2016. At no time prior to January 9, 2016 did the Foxes receive any warning from the Amazon Defendants that the hoverboard could overheat and spontaneously combust, that the lithium battery package was not an "Original Samsung" as represented on Amazon's website, or that the lithium battery package was dangerous and posed a serious risk of injury or death to the Fox family.

15.     On the morning of Saturday, January 9, 2016, Brian, Megan, and their youngest daughter Sarah left the house in separate cars to prepare for Matthew's 14th birthday party that evening. Matthew remained in the Fox house while Rebecca had spent Friday night with a friend. Hailey returned to the house around noon.

16.     Matthew played inside with the hoverboard while Brian, Megan, and Sarah were gone. After playing with the hoverboard, he left it next to a couch on the first floor.

5

17.     Brian, Megan, and Sarah ate lunch together in the Green Hills area, after which Brian and Megan decided that Brian would go home with Sarah so that she could take a nap. Megan planned to run some errands and return home later.

18.     Shortly after Brian and Megan went their separate ways, Megan began to receive text messages from Hailey who had recently returned to the house. At first, Hailey was concerned that someone had broken into the house. Megan tried to assure Hailey that Matthew was in the house and that she was probably hearing him. Megan then called Brian to see how close he was to being home, and then she called Matthew and told him that Hailey thought that someone was in the house.

19.     Scared that someone was in the house, Matthew hid in the upstairs bonus room. Hailey hid in her upstairs bathroom. Brian was close to home at the time of these texts and calls.

20.     Very soon after Hailey, who had gone to hide in her upstairs bathroom, expressed fear that someone was in the house, she sent the following text message to Megan, "The house is on fire. I can't get out." Megan called 911, at which time she learned that someone else had already called.

21.     At about the same time, Brian was calling Hailey as he was turning into the family's subdivision. When Hailey answered, she whispered to her father, "It sounds like people are in the house and now it's on fire." Then the phone line went dead. Brian looked up and saw smoke billowing over the trees. He accelerated toward his house, drove his car over the curb, and stopped in the front yard in front of the house. Brian told Sarah to stay in the car as he jumped out and ran to the house yelling for help hoping a neighbor would hear him.

6

22. The house was engulfed in smoke and flames. Brian ran straight to the side door of the house, screaming for Hailey and Matthew. The smoke and fire were so thick that Brian could not see anything. Brian feared that Hailey and Matthew were either dead or dying.

23. Brian went back out the side door and ran to the front door still yelling for anyone to help. He kicked in the front door. The smoke and fire were so thick that again he could barely enter the house. He then ran back to the side door hoping to get in when he heard someone banging on Hailey's bathroom window from the second floor. He was able to see her kicking the window and pleaded with her to break the small window out from the inside. Hailey tried with all her might to break through the double-paned glass, repeatedly kicking the window with all her strength. Eventually she was able to break out and, with smoke billowing from behind her, Brian yelled for Hailey to jump out the window to him. Hailey flung herself through the second floor window, and Brian did his best to break her fall. Hailey's legs were badly cut up, and she was screaming from the pain in her left ankle which twisted when she landed from the second-story fall. Sarah watched all of this take place from the car.

24. At this point, Brian still thought that he was going to be unable to save both children. He ran back to the side door yelling Matthew's name to see if he could locate his son. Not hearing Matthew respond, Brian then ran to the front door and again yelled for Matthew, but to no avail. Brian then ran around the left side of the house to the back hoping to gain entrance into the house but found that it was totally engulfed in flames as well. As he rounded the back of the house, he heard Matthew banging on the second floor window in the bonus room above the garage. Brian grabbed the ladder he kept behind the house and used it to climb up to the window where Matthew was. Brian could see Matthew through the massive fire and smoke and yelled

7

for him to keep trying to break the window. Matthew was banging with all his strength using a step ladder to break the double-paned window.

25.     Eventually, despite having to inflict significant injuries on his hands and forearms as well as his legs, Matthew was able to break through the glass. Panicked, Matthew dove out of the second story window into his father's arms. Brian and Matthew fell to the ground from the second floor. Brian turned his body to avoid falling on top of his son.

26.     Meanwhile, Megan raced home, not knowing what was happening at her house or if her children or her husband had survived. She feared that her husband and/or her children were dead or dying. As she approached to within a couple of miles of her house, Megan could see a large amount of smoke billowing over the trees in the area of her home. She then received a phone call from Brian telling her that everything had been lost, the house was on fire, and that Hailey and Matthew were alive though badly hurt and bleeding. Megan arrived moments later to see her house fully engulfed in flames and multiple fire engines, but her husband and children injured but alive.

27.     Hailey Fox escaped with a severely sprained left ankle and multiple deep lacerations on her legs, which required multiple stitches. Her legs became infected many times since the day of the fire, requiring additional medical treatment over the following weeks and months. She continued to struggle periodically with her injured ankle, but has done her best to carry on her normal activities.     But far worse than her personal injuries is the severe psychological injury she suffered from being trapped in a burning house and narrowly escaping with her life. Hailey will carry with her the emotional and psychological injuries inflicted on January 9, 2016 for the rest of her life.

8

28.     Matthew Fox suffered significant lacerations to his hands and legs, requiring stitches. He has suffered nerve damage in his left hand from the lacerations suffered while trying to escape. Like his sister, Matthew has also suffered severe psychological injuries from the terror he experienced during the early afternoon of January 9, 2016.

29.     Brian Fox suffered the unspeakable terror of finding out that his two teenage children were trapped in a burning house and believing that he was going to lose one or both of them to the fire which engulfed his home. Additionally, Brian fractured two bones in his right elbow during the fall from the ladder and sprained his left wrist. The injuries to his right elbow have left him with a permanent injury and may require additional medical treatment in the future.

30.     Both Sarah Fox and Rebecca Fox witnessed the fire and have suffered psychological injuries from watching their house burn to the ground and not knowing if their father, brother, and sister were going to survive. Also, like all of the rest of their family members, they suffered the loss of virtually all of their personal belongings, which has caused them psychological injury.

31.     Aside from the physical and psychological injuries, the Foxes lost their family home and virtually all of their personal property, including sentimental items which can never be replaced. Only a small amount of personal property was recovered. The house was completely destroyed and was ultimately razed. As a direct result of the fire, Brian and Megan Fox have suffered financial losses of over $1,900,000 in the loss of their house and personal property.

C.     **The Dangers Of Hoverboards Known To The Amazon Defendants**

32.     Prior to January 9, 2016, the Amazon Defendants knew of multiple instances of fires caused by hoverboards that it had sold and/or distributed. The Amazon Defendants were

9

notified in writing of at least the following fires erupting from hoverboards sold via Amazon.com:

- November 11, 2015 – Somerville, MA
- November 18, 2015 – Chicago, IL
- November 20, 2015 – Torrance, CA
- November 21, 2015 – Lafitte, LA
- November 27, 2015 – Ashtabula, OH
- November 27, 2015 – Gulf Shores, AL
- December 18, 2015 – Lincoln, NE
- December 23, 2015 – Medford, OR
- January 3, 2016 – Nashville, TN

33.     In addition, the Amazon Defendants knew as a result of being notified of the above fires that nearly all of them involved a product labeled "Smart Balance Wheel" from unknown manufacturers from China, that these products were flooding the American marketplace in the latter part of 2015, that the lithium batteries were almost certainly the source of these fires, and that these deadly products were most often kept in the bedrooms of children.

34.     Because they were such popular items for the 2015 Christmas season in the United States as well as western Europe, hoverboards were being manufactured by the hundreds of thousands from unknown manufacturers, predominantly in China. These products were poorly manufactured and were dangerous, primarily because of the poorly manufactured lithium batteries which posed a significant risk of fire and personal injury or death. The Amazon Defendants knew that the lithium batteries in the hoverboards that it sold and/or distributed were being manufactured in an unsafe manner. The Amazon Defendants also knew that the lithium

10

batteries in the hoverboards that it sold and/or distributed were being misrepresented on the Amazon.com website as the batteries of leading electronics providers.

35. The Amazon Defendants engaged in an aggressive sales campaign through the holiday season, ignoring knowledge of the dangers of hoverboards sold and/or distributed through its website for money. Specifically, the Amazon Defendants were using its "brand" to increase the sales of hoverboards during the 2015 holiday season, including offering incentives to sellers to utilize the Amazon brand to increase the sales of products. Hoverboards were one of, if not the most, popular product of the 2015 holiday season on the Amazon Defendants' website.

36. Both before and after the fire at the Fox's home, United States and United Kingdom customs authorities seized hoverboards by the thousands for violating safety laws and regulations relating to potentially explosive lithium batteries.

37. All, or nearly all, of the hoverboards being sold and/or distributed by the Amazon Defendants and others in the United States, including the one sold by the Amazon Defendants to Mrs. Fox, failed to comply with UN/DOT 38.3, Transport of Dangerous Goods For Lithium Metal and Lithium Ion Batteries. These hoverboards, including the one sold to Mrs. Fox, were extremely dangerous and presented a substantial product hazard, as defined in 15 U.S.C. § 2064(a). The Amazon Defendants knew of these product hazards well in advance of the fire at the Fox home on January 9, 2016.

**D.     Facts Relating To Hoverboard Sold To Mrs. Fox**

38. The Amazon Defendants represented that the hoverboard sold to Mrs. Fox contained an "Original Samsung Advanced Battery." This representation was false. Samsung officials have inspected the hoverboard purchased by Mrs. Fox as well as an intact battery from

11

an identical product sold through the Amazon website. Samsung officials have confirmed that it did not manufacture the lithium battery in the product purchased by Mrs. Fox, that the battery was not manufactured in a manner consistent with Samsung practices and procedures, and that the battery represented as an "Original Samsung Advanced Battery" is a counterfeit.

39.     The entity represented as the "seller" for the hoverboard purchased by Mrs. Fox was "W-Deals." That entity is either merely a storefront for the Amazon Defendants or is otherwise a sham entity. Its registered agent is Mr. Kevin Ma with a Brooklyn, New York address. Despite correspondence sent to that address, no one has responded to Plaintiffs. Moreover, the address for W-Deals found on the Amazon website is an old apartment building in Brooklyn, New York and clearly not a place of business for products like the hoverboard sold to Mrs. Fox. Certainly, the address listed for W-Deals cannot be a manufacturing site.

40.     The hoverboard sold to Mrs. Fox was represented as a FITURBO® F1. The "FITURBO" mark is owned by Dongguan Sainstore E-Commerce Ltd. Co. The facts and circumstances indicate that that the hoverboard sold by the Amazon Defendants to Mrs. Fox was not a FITURBO® F1, but rather was a counterfeit product from China. It was labeled "Smart Balance Wheel," just like the many products sold by Amazon which caused fires, as set forth above. The instruction pamphlet sent with the hoverboard sold to Mrs. Fox is obviously a poor attempt at an English translation, also indicating that the hoverboard came from a foreign country.

41.     The Amazon Defendants obtained outside counsel by early March 2016. Plaintiffs requested information in writing from the Amazon Defendants' counsel regarding the identity of the manufacturer of the hoverboard sold and/or distributed to Mrs. Fox, as well as all its components, its importers, and its distributors. The only information provided was that

12

Defendant W2M Trading Corporation was a seller and that a domain name "fiturbo.com" registered with godaddy.com was the manufacturer. The website "fiturbo.com" contains no contact information. The Amazon Defendants have, therefore, failed to identify a manufacturer either by name or by address. Consistent with all of the facts previously set forth, it appears that the Amazon Defendants do not know the identity of the manufacturer of the product sold to Mrs. Fox.

## III.     Causes of Action

### A.     Products Liability

42.     The Amazon Defendants, either individually or collectively, are "sellers" pursuant to Tenn. Code Ann. § 29-28-102, the Tennessee Products Liability Act of 1978. Based upon the representation of the Amazon Defendants, Defendant W2M Trading Corporation is also a seller under Tennessee law.

43.     Defendants had a duty not to sell or distribute any product which was defective and/or unreasonably dangerous. Defendants sold and/or distributed a product which was defective and/or unreasonably dangerous at the time it left the control of the manufacturer or seller. The hoverboard – more specifically the lithium battery pack – spontaneously combusted after normal use, resulting in a catastrophic fire which destroyed the Fox house and inflicted serious physical, psychological, and financial injuries. Defendants are, therefore, liable pursuant to Tenn. Code Ann. § 29-28-105.

44.     As a proximate result of Defendants selling and/or distributing the product purchased by Mrs. Fox, Plaintiffs Brian, Hailey, and Matthew Fox suffered serious personal injuries and serious psychological and emotional injuries. As a proximate result of Defendants selling and/or distributing the product, Plaintiffs Megan, Rebecca, and Sarah Fox suffered

13

serious psychological and emotional injuries. Plaintiffs also suffered significant financial losses from the destruction of their real and personal property.

45.     All of the facts and circumstances, as set forth above, as well as the inability of the Amazon Defendants to respond to the inquiries from Plaintiffs, as described above, demonstrate that the manufacturer of the product in question is an unknown entity from China. The identity of the manufacturer is not known to Plaintiffs despite their best efforts. Plaintiffs, therefore, cannot obtain service of process on the manufacturer.

46.     Therefore, the manufacturer or distributor of the product or parts in question are not subject to service of process in Tennessee and the long-arm statutes of Tennessee do not serve as the basis for obtaining service of process. As a result, Defendants are liable for the defective and/or unreasonably dangerous condition of the product sold and shipped to Mrs. Fox, pursuant to Tenn. Code Ann. § 29-28-106.

## B.      Negligence – Failure To Warn

47.     The Amazon Defendants had an ongoing duty to warn purchasers of any potential hazardous conditions of products that it sold or distributed, even if the Amazon Defendants learned of those potential hazards after the products were sold or distributed.

48.     By the time Mrs. Fox purchased the hoverboard at issue or very soon thereafter, the Amazon Defendants became aware that the hoverboards that they had sold or distributed were defective and/or unreasonably dangerous, that the hoverboards posed a substantial and unjustifiable risk of fire, and that the lithium battery packs utilized in these products were poorly manufactured and posed a substantial and unjustifiable risk of fire. The Amazon Defendants became aware of multiple fires from hoverboards around the United States and in other countries prior to January 9, 2016.

14

49.     The Amazon Defendants knew or should have known between November 3, 2015 and January 9, 2016 that the product posed a substantial and unjustifiable risk of fire or that the lithium battery packs utilized in these products were poorly manufactured and posed a substantial and unjustifiable risk of fire.

50.     The Amazon Defendants also knew or should have known between November 3, 2015 and January 9, 2016 that many of the representations made on Amazon's website were false. Specifically, the Amazon Defendants knew or should have known between November 3, 2015 and January 9, 2016 that the product purchased by Mrs. Fox did not contain an original Samsung battery pack.

51.     Despite having knowledge of or access to these facts, the Amazon Defendants never warned Plaintiffs about the substantial and unjustifiable risk of fire relating to the hoverboard. The Amazon Defendants' failure to warn, under all the facts and circumstances, constitutes common law negligence.

52.     As a proximate result of the Amazon Defendants' negligence, Plaintiffs suffered serious personal, psychological, and emotional injuries as a result of the fire which destroyed their home. Plaintiffs also suffered significant financial losses from the destruction of their real and personal property.

### C.     Intentional And/Or Negligent Misrepresentation

53.     Defendants knew, or should have known, that:

a. The hoverboard was falsely represented on their website;

b. The hoverboard did not contain an "Original Samsung Advanced Battery" pack, as represented;

c. The hoverboard was not a FITURBO® F1, as represented;

15

d. The hoverboard failed to comply with federal law, as more fully described in paragraph 37; and

e. The hoverboard was otherwise unreasonably dangerous.

54.     The above representations, either express or implied, about the hoverboard were false when they were made, and they were made knowingly or without a belief in their truth or recklessly. The representations pertained to material facts, and Plaintiff Megan Fox reasonably relied on them to her detriment and the detriment of all Plaintiffs. Plaintiffs suffered physical, psychological, emotional, and financial injuries as a result of Defendants' misrepresentations.

### D.     Tennessee Consumer Protection Act

55.     Based on the allegations set forth above, the Amazon Defendants have engaged in unfair and deceptive trade practices, as defined by the Tennessee Consumer Protection Act. The Amazon Defendants' conduct constitutes "trade" or "commerce," pursuant to Tenn. Code Ann. § 47-18-103(19).

56.     The Amazon Defendants' actions were unfair because they resulted in the purchase of a product causing substantial injury which could not have been avoided by Plaintiffs and were not outweighed by the countervailing benefits to consumers or competition. The Amazon Defendants, therefore, have violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104.

57.     The Amazon Defendants' actions were deceptive because they engaged in statements, silence, or actions that caused or tended to cause consumers to believe that which was false or that misled or tended to mislead consumers as to matters of fact. These actions were done intentionally, or negligently.

16

58.     Plaintiffs have suffered serious personal, psychological, emotional, and financial losses as a result of the Amazon Defendants' unfair and deceptive trade practices.

59.     The Amazon Defendants' actions were "willful or knowing," as defined by Tenn. Code Ann. § 47-18-103(10). Therefore, Plaintiffs are entitled to treble damages and attorney's fees and costs for the Amazon Defendants' violations of the Tennessee Consumer Protection Act, pursuant to Tenn. Code Ann. § 47-18-109.

### E.     Punitive Damages

60.     The Amazon Defendants' actions, as fully described above, were done fraudulently, intentionally, and/or recklessly. The Amazon Defendants knew that hoverboards, like the one which was sold and sent to the Fox home, were very dangerous products. Despite this knowledge, the Amazon Defendants sold and/or distributed the product which was misrepresented on their website and which was unreasonably dangerous at the time it was sold or distributed.     Likewise, the Amazon Defendants failed to warn Plaintiffs and/or recall hoverboards in order to make more money during the holiday season despite having direct knowledge of fires involving hoverboards that they sold and/or shipped throughout November and December 2015. The actions of the Amazon Defendants were reckless under all the facts and circumstances.

61.     Plaintiffs, therefore, are entitled to punitive damages in an amount to be determined by the jury.

THEREFORE, Plaintiffs hereby demand:

A.     A judgment against Defendants for compensatory damages in the amount of $30,000,000;

17

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **Charles Brian Fox and Megan Fox,** )<br>**Individually and as Parents and** )<br>**Next Friends of Hailey Fox,** )<br>**Matthew Fox, Rebecca Fox, and** )<br>**Sarah Fox, individually,** )<br> )<br>**Plaintiffs,** )<br> )<br>**vs.** )<br> )<br>**Amazon.com, Inc.,** )<br>**Amazon.com.DEDC, LLC,** )<br>**Amazon Services, LLC,** )<br>**Amazon Corporate, LLC,** )<br>**Amazon Global Resources, LLC** )<br>**Amazon Payments, Inc., d/b/a** )<br>**Amazon Marketplace Payments,** )<br>**Amazon Fulfillment Services, Inc.,** )<br>**Amazon.com.KYDC, LLC,** )<br>**W2M Trading Corporation ,** )<br> )<br> )<br>**Defendants.** ) | <br><br><br><br><br><br><br><br>**Case No. _____**<br>**JURY DEMAND** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO AMAZON DEFENDANTS

Pursuant to Rules 26 and 33 of the Tennessee Rules of Civil Procedure, Plaintiffs hereby propound their first set of interrogatories and requests for production to Amazon Defendants (hereinafter collectively referred to as "Amazon").

1

## INTERROGATORIES

1.      Please identify all persons, other than legal counsel, who have supplied information or have otherwise participated in answering these Interrogatories. For each such person, please include their full name, title, address, telephone number, date of birth, and why they are allowed to answer these Interrogatories on behalf of Amazon. If more than one person is responding, please note which of these interrogatories each person has participated in answering.

**ANSWER:**

2.      Please identify by full name, title, address, telephone number, and date of birth all persons known to you or your counsel who have knowledge of the facts of the case, including those who have knowledge of the allegations of negligence, products liability, intentional and/or negligent misrepresentation, violation of the Tennessee Consumer Protection Act, or damages set forth in the Complaint; those who have knowledge of Plaintiff's purchase of the hoverboard; those who have knowledge of the receipt of Plaintiff's payment for the hoverboard; and those who have knowledge of the shipment of the hoverboard to Plaintiff.

**ANSWER:**

2

3.    Please identify all Amazon entities involved in the following:

(a) Maintaining the Amazon website in November 2015 at the time that Plaintiff Megan Fox purchased the self-balancing scooter or hoverboard (hereafter referred to as "hoverboard");

(b) Presenting products for sale on the Amazon website in November 2015;

(c) Accepting payment for items purchased on the Amazon website in November 2015;

(d) Storing items to be shipped by Amazon entities in November 2015;

(e) Shipping items purchased on the Amazon website in November 2015;

(f) Investigating third parties who apply to sell products on the Amazon website in the last half of calendar year 2015; and

(g) Investigating products advertised and sold on the Amazon website in the last half of calendar year 2015.

In identifying the above entities, state the full name, address, and telephone number for each entity; name and address of each entity's registered agent; and statement of which of the above actions pertain to each entity.

**ANSWER:**

4.    For the hoverboard sold to Mrs. Fox, please state the precise location of the product and which Amazon entity(ies) was/were in possession of the product at the time of the following activities:

3

(a) The date that the product sold to and shipped to Mrs. Fox was first displayed on the Amazon website;

(b) The time of Mrs. Fox's Order No. 116-7875448-1189053 on November 3, 2015;

(c) A charge was applied to Mrs. Fox's credit card; and

(d) The time between the charge to Mrs. Fox's credit card and the product being placed in the possession of United Parcel Service for shipment to Mrs. Fox.

**ANSWER:**

5.      Please identify all entities and/or individuals that received any portion of the payment from Mrs. Fox. When identifying these entities and/or individuals, please state the full name of the entity and/or individual, the date of payment, the payment amount, the account to which each payment was sent, and the reason(s) for each such payment.

**ANSWER:**

6.      Please provide all available contact information for Amazon seller W-Deals, including address and telephone number as well as the full name of any entity representative, address, e-mail address, and telephone number.

**ANSWER:**

4

7.    Please identify and provide a brief description of all records, documents, and/or tangible items relating to Amazon seller W-Deals including but not limited to:

(a) Any documents or information submitted by W-Deals to any Amazon entity;

(b) Any investigation(s) undertaken by Amazon into W-Deals and the result(s) of said investigation(s); and

(c) Any interaction with W-Deals.

**ANSWER:**

8.    Please state whether Amazon has received any other complaints regarding hoverboards sold by W-Deals, hoverboards purporting to contain an "Original Samsung Advanced Battery," FITURBO® F1 hoverboards, and/or hoverboards in general. If so, please list the date, the factual basis for each complaint, and the nature of any actions undertaken by Amazon based on the complaints.

**ANSWER:**

9.    Please state whether Amazon has received any other complaints regarding products other than hoverboards being sold by W-Deals on the Amazon website. If so, please list the date, factual basis for each complaint, and any action taken by Amazon.

5

**ANSWER:**

10.     Please state whether Amazon has received any other complaints regarding false and/or misleading advertisements posted by W-Deals on the Amazon website. If so, please list the date, factual basis for each complaint, and any action taken by Amazon based on the complaints.

**ANSWER:**

11.     Please state whether Amazon has ever investigated, either before or after the events described in the Complaint, W-Deals or any of the products that it has placed for sale on the Amazon website. If so, please state:

> (a) The nature of the investigation;
>
> (b) The date of the investigation;
>
> (c) Whether any remedial action was taken against W-Deals; and
>
> (d) Whether there are any reports, documents, or other tangible evidence relating
>
> to any investigation into W-Deals.

**ANSWER:**

6

12.   Please state whether, at any time, Amazon conducted any test, study, or other analysis concerning possible safety or health hazards related to hoverboards and/or lithium batteries. For all tests, studies, or analyses listed, please describe the nature and results of each test, study, or analysis, state when it was performed, identify each person who performed it, and identify each document that refers to it.

**ANSWER:**

13.   Please state whether Amazon received notice of any fires relating to hoverboards sold through the Amazon website prior to January 9, 2016. For all such times when notification has been received, please state:

(a) The manner in which notice was delivered;

(b) The entity which delivered the notice;

(c) All information pertaining to each such notification; and

(d) Any and all actions taken by Amazon as a result of each such notification.

**ANSWER:**

14.   Please state the date, place, and circumstances under which Amazon first became aware that hoverboards and/or the lithium batteries in hoverboards posed a risk of fire. Identify

7

each source of information leading to Amazon's awareness, identify the harm or hazards of which Amazon became aware, and identify all actions Amazon took as a result of this information.

**ANSWER:**

15.     Please identify specifically all information, including dates, sources, and the precise information, indicating that hoverboards being sold through the Amazon website were being falsely advertised, including but not limited to the product name and representations about the source of the lithium batteries.

**ANSWER:**

16.     Please identify any and all policies, procedures, guidelines, rules, protocols, or any other document of any type in effect during 2015 that describe the criteria third party sellers must meet before being permitted to advertise and/or sell items on the Amazon website.

**ANSWER:**

8

17.    Please state whether Amazon conducts an investigation into third parties before permitting them to advertise or sell products on the Amazon website. If an investigation is performed, please state:

(a) A general description of the investigatory process;

(b) Who conducts the investigation;

(c) What criteria must be met in order for a third party to pass the investigation; and

(d) What are the potential consequences if an entity misrepresents facts in order to sell through the Amazon website.

**ANSWER:**

18.    Please identify any and all policies, procedures, guidelines, rules, or protocols in effect during 2015 that third parties had to follow in order to sell items on the Amazon website including, but not limited to, what items can be sold, safety regulations for items sold, inspection requirements for items sold, and/or advertisement regulations. For all policies identified, please state:

(a) Whether such policies, procedures, guidelines, rules, or protocols are published and by whom;

(b) The effective date of said policies, procedures, guidelines, rules, or protocols;

(c) Which Amazon entities are bound by said procedures, guidelines, rules, or protocols;

9

(d) The administrator of said policies, procedures, guidelines, rules, or protocols;

(e) Repercussions for violations of said policies, procedures, guidelines, rules, or protocols; and

(f) Whether the policies, procedures, guidelines, rules, or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended, or altered after the occurrence. If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:**

19.    Please identify any and all policies, procedures, guidelines, rules, or protocols in effect between October 2015 and January 2016 that concern what actions Amazon was to take upon discovering that counterfeit products were being sold on the Amazon website. For all policies identified, please state:

(a) Whether such policies, procedures, guidelines, rules, or protocols are published and by whom;

(b) The effective date of said policies, procedures, guidelines, rules, or protocols;

(c) Which Amazon entities are bound by said procedures, guidelines, rules, or protocols;

(d) The administrator of said policies, procedures, guidelines, rules, or protocols;

(e) Repercussions for violations of said policies, procedures, guidelines, rules, or protocols; and

(f) Whether the policies, procedures, guidelines, rules, or protocols in effect at

10

the time of the occurrence alleged in the Complaint have been changed, amended, or altered after the occurrence. If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:**

20. Please identify any and all policies, procedures, guidelines, rules, or protocols in effect between October 2015 and January 2016 that concern what actions Amazon was to take upon discovering that products being sold on the Amazon website posed a substantial risk of physical injury. For all policies identified, please state:

      (a) Whether such policies, procedures, guidelines, rules, or protocols are published and by whom;

      (b) The effective date of said policies, procedures, guidelines, rules, or protocols;

      (c) Which Amazon entities are bound by said procedures, guidelines, rules, or protocols;

      (d) The administrator of said policies, procedures, guidelines, rules, or protocols;

      (e) Repercussions for violations of said policies, procedures, guidelines, rules, or protocols; and

      (f) Whether the policies, procedures, guidelines, rules, or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended, or altered after the occurrence. If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:**

11

21.     For all items shipped using Amazon services, state whether Amazon inspects the item before shipment to the customer. If so, please describe the inspection process, identify who conducts the investigation, and state whether any report, note, or other documentation is made pertaining to said investigation.

**ANSWER:**

22.     Please state whether the hoverboard purchased by Mrs. Fox was inspected. If so, please state the date of inspection, which entity conducted the inspection, where the inspection took place, and the result of said inspection.

**ANSWER:**

23.     Please identify and describe any and all Amazon policies, guidelines, or other written documents in effect during 2015 that incentivized and/or encouraged the advertisement and sale of hoverboards on the Amazon website.

**ANSWER:**

12

24. Please state the total amount of gross sales for self-balancing scooters or hoverboards purchased through the Amazon website during the last six months of 2015.

**ANSWER:**

25. Please state the total amount of gross sales for self-balancing scooters or hoverboards allegedly sold by W-Deals or with the product name "Smart Balance Wheel" through the Amazon website during the last six months of 2015.

**ANSWER:**

13

## VERIFICATION FORM

STATE OF _____ )
                        )
COUNTY OF _____ )

I, _____, the _____ of    Defendant

_____, after being duly sworn, hereby make oath that the foregoing answers

to interrogatories are true and correct to the best of my knowledge and the  information available to

me.

_____

Sworn to and subscribed before me this_____ day of _____, 2016.

_____
**Notary Public**

My Commission Expires:

_____

14

## REQUESTS FOR PRODUCTION

1.     Please produce any and all records and other documents or tangible items relating to the advertisement, purchase, payment, and shipment of the hoverboard purchased by Mrs. Fox.

**RESPONSE:**


2.     Please produce any and all records and other documents or tangible items regarding the precise location of the product and which Amazon entity(ies) was/were in possession of the product at the time of the following activities:

(a) The date that the product sold to and shipped to Mrs. Fox was first displayed on the Amazon website;

(b) The time of Mrs. Fox's Order No. 116-7875448-1189053 on November 3, 2015;

(c) A charge was applied to Mrs. Fox's credit card; and

(d) The time between the charge to Mrs. Fox's credit card and the product being placed in the possession of United Parcel Service.

**RESPONSE:**


3.     Please produce any and all records and other documents or tangible items verifying which entities and/or individuals received payment, the account to which each payment was sent, the date of payment, and the payment amount for the hoverboard purchased by Mrs. Fox.

**RESPONSE:**

15

4.      Please produce any and all records of Amazon's investigation into the advertisement, purchase, and/or shipment of the hoverboard that was purchased by Mrs. Fox.

**RESPONSE:**

5.      Please produce any and all records and other documents or tangible items relating to Amazon seller W-Deals including, but not limited to:

> (a) Records, documents, and/or tangible items submitted by W-Deals to Amazon;
>
> (b) Records, documents, and/or tangible items relating to any investigation by Amazon into W-Deals and the result(s) of said investigation(s);
>
> (c) Records, documents, and/or tangible items relating to any interaction with W-Deals;
>
> (d) Records, documents, and/or tangible items relating to complaints Amazon received regarding any products being sold by W-Deals including, but not limited to, hoverboards in general, hoverboards purporting to contain an "Original Samsung Advanced Battery," and/or FITURBO® F1 hoverboards; and
>
> (e) Records, documents, and/or tangible items relating to complaints Amazon received regarding W-Deals posting false and/or misleading advertisements on the Amazon website.

**RESPONSE:**

16

6.     Please produce any and all records and other documents or tangible items relating to any test, study, or other analysis concerning possible safety or health hazards related to hoverboards and/or lithium batteries performed by Amazon.

**RESPONSE:**


7.     Please produce any and all records and other documents or tangible items relating to any notification that Amazon received prior to January 9, 2016, concerning fires and/or the risk of fires involving hoverboards sold on the Amazon website.

**RESPONSE:**


8.     Please produce any and all records and other documents or tangible items relating to any notification that Amazon received prior to January 9, 2016, concerning fires and/or the risk of fires involving hoverboards and/or the lithium batteries in hoverboards.

**RESPONSE:**


9.     Please produce any and all records and other documents or tangible items relating to any information Amazon received that indicated hoverboards being sold through the Amazon website were being falsely advertised.

**RESPONSE:**

17

10.    Please produce any and all policies, procedures, guidelines, rules, protocols, or any other document of any type in effect during 2015 that describe the criteria third party sellers must meet before being permitted to advertise and/or sell items on the Amazon website.

**RESPONSE:**

11.    Please produce any and all policies, procedures, guidelines, rules, or protocols which were in effect during November 2015 that relate to any investigation into third parties before permitting them to advertise or sell products on the Amazon website.

**RESPONSE:**

12.    Please produce any and all policies, procedures, guidelines, rules, or protocols in effect during 2015 that third parties had to follow in order to sell items on the Amazon website including, but not limited to, what items can be sold, safety regulations for items sold, inspection requirements for items sold, and/or advertisement regulations.

**RESPONSE:**

13.    Please produce any and all policies, procedures, guidelines, rules, or protocols in effect during 2015 that concern what actions Amazon was to take upon discovering that counterfeit products were being sold on the Amazon website.

18

**RESPONSE:**

14.     Please produce any and all policies, procedures, guidelines, rules, or protocols in effect during 2015 that concern what actions Amazon was to take upon discovering that products being sold on the Amazon website posed a substantial risk of physical injury.

**RESPONSE:**

15.     Please produce any and all policies, procedures, guidelines, rules, or protocols which were in effect during November 2015 that relate to the inspection process of items before they are shipped by Amazon.

**RESPONSE:**

16.     Please produce any and all reports, notes, or other documentation relating to any and all inspections of the hoverboard purchased by Mrs. Fox.

**RESPONSE:**

17.     Please produce any and all Amazon policies, guidelines, or other written documents in effect during 2015 that incentivized and/or encouraged the advertisement and sale of hoverboards on the Amazon website.

19

**RESPONSE:**

18.     Please produce any and all documents, reports, and/or records documenting the total amount of gross sales for self-balancing scooters and/or hoverboards purchased through the Amazon website during the last six months of 2015.

**RESPONSE:**

19.     Please produce any and all documents, reports, and/or records documenting the total amount of gross sales for self-balancing scooters or hoverboards allegedly sold by W-Deals or with the product name "Smart Balance Wheel" through the Amazon website during the last six months of 2015.

**RESPONSE:**

20.     Please produce any and all additional documents used by Amazon in answering these interrogatories which have not been requested.

**RESPONSE:**

20

Respectfully submitted,

Steven E. Anderson, BPR #13143
Sara F. Reynolds, BPR #21469
Anderson & Reynolds PLC
120 30th Ave. North
Nashville, TN 37203
(615) 942-1700
sanderson@andersonreynolds.com
sreynolds@andersonreynolds.com

Mark Spear, BPR #11968 (by permission SEA)
Kaylin. L. Hart, BPR #31874
Spear, Spear & Hamby, P.C.
169 Dauphin Street, Suite 200
Mobile, AL 36602
(251) 344-8181
mes@sshlawpc.com
klh@sshlawpc.com

*Attorneys for Plaintiffs*

21

## CERTIFICATE OF SERVICE

I certify that the foregoing has been served with a copy of the Complaint, this 26th day of October, 2016 upon:

Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312
*Registered Agent for Defendants:*
  *Amazon.com.DEDC, LLC*
  *Amazon Payments, Inc. d/b/a Amazon Marketplace Payments*
  *Amazon Fulfillment Services, Inc.*

Tennessee Secretary of State
Division of Business Services
Attn: Summons Section
312 Rosa L. Parks Avenue
6th Floor, Snodgrass Tower
Nashville, TN 37243-1102
*Accepting Service as Agent for Defendants:*
  *Amazon.com, Inc.*
  *Amazon Services, LLC*
  *Amazon Corporate, LLC*
  *Amazon Global Resources, LLC*
  *Amazon.com.KYDC, LLC*

22