IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES BRIAN FOX and MEGAN FOX, Individually and as Parents and Next Friends of HAILEY FOX, MATTHEW FOX, REBECCA FOX, and SARAH FOX, individually, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br> W2M TRADING CORPORATION, <br><br> Defendants. | Case No. 3:16-cv-03013 <br><br> Judge Crenshaw <br> Magistrate Judge Frensley |

## AMAZON.COM, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Amazon.com, Inc. ("Amazon") answers Plaintiffs' first amended complaint as follows, in paragraphs numbered to correspond to the paragraph numbers in the first amended complaint. Except as expressly admitted, Amazon denies all allegations of the first amended complaint.

### I. Parties, Jurisdiction, and Venue

1.  Amazon admits that plaintiffs are citizens and residents of Davidson County, Tennessee.

2.  Amazon admits only that it is a Delaware corporation, that it has no parent corporation, that it operates an online marketplace at Amazon.com, and that it is the sole proper Amazon entity with respect to the allegations in the first amended complaint, per a stipulation with plaintiffs. Amazon denies that it is liable and denies all other allegations in paragraph 2.

3.  Amazon admits only that the seller of the product at issue is -DEAL-.

4.  Amazon admits only that someone using an account associated with the email address meganfox@comcast.net purchased what was represented by the third-party seller to be a "FITURBO F1 Two Wheels Smart Self Balancing Scooters Electric Drifting Board Personal Adult

Transporter with LED Light, Blue" through the Amazon.com marketplace on November 3, 2015. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 and therefore denies them.

5. The allegations of paragraph 5 are legal conclusions to which no response is required.

6. Amazon admits only that someone using an account associated with the email address meganfox@comcast.net purchased what was represented by the third-party seller to be a "FITURBO F1 Two Wheels Smart Self Balancing Scooters Electric Drifting Board Personal Adult Transporter with LED Light, Blue" through the Amazon.com marketplace on November 3, 2015. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6 and therefore denies them.

7. Amazon admits only that someone using an account associated with the email address meganfox@comcast.net purchased from third party seller -DEAL- what was represented by that third-party seller to be a "FITURBO F1 Two Wheels Smart Self Balancing Scooters Electric Drifting Board Personal Adult Transporter with LED Light, Blue" through the Amazon.com marketplace on November 3, 2015. Amazon denies that it made any representations about the product. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7 and therefore denies them.

8. Amazon admits only that the third-party seller listed the product for $274.79 and that payment was processed by Amazon Marketplace Payments. Amazon denies all other allegations of paragraph 8.

9. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 and therefore denies them.

10. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and therefore denies them.

11. Amazon denies the allegation in the second sentence of paragraph 11 that plaintiffs received no communication from Amazon before January 9, 2016, regarding hoverboard safety.

Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies them.

12. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore denies them.

13. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and therefore denies them.

14. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore denies them.

15. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and therefore denies them.

16. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and therefore denies them.

17. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies them.

19. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore denies them.

20. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies them.

21. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies them.

23. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore denies them.

24. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore denies them.

25. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore denies them.

26. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore denies them.

27. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore denies them.

28. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and therefore denies them.

29. Amazon admits only that there were press reports on alleged hoverboard fires before January 9, 2016, and that it removed hoverboard listings from the Amazon.com marketplace in December 2015. Amazon denies all other allegations in paragraph 29.

30. Amazon denies all allegations in paragraph 30.

31. Amazon denies all allegations in paragraph 31 that pertain to it.

32. Amazon denies all allegations in paragraph 32.

33. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 and therefore denies them.

34. Amazon admits only that in December 2015 it removed hoverboard listings from the Amazon.com marketplace based on safety concerns. Amazon denies that it sold or distributed the hoverboard at issue. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore denies them.

35. Amazon denies all allegations in paragraph 35 that pertain to it. The remaining allegations of paragraph 35 pertain to a non-party and no response from Amazon is required.

36. Amazon admits only that the seller of the product at issue was -DEAL-. Amazon denies that -DEAL- is affiliated with Amazon in any way other than through selling products on

the Amazon.com marketplace. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them.

37. Amazon admits only that someone using an account associated with the email address meganfox@comcast.net purchased from third-party seller -DEAL- what was represented by that third-party seller to be a "FITURBO F1 Two Wheels Smart Self Balancing Scooters Electric Drifting Board Personal Adult Transporter with LED Light, Blue" through the Amazon.com marketplace on November 3, 2015. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37 and therefore denies them.

38. Amazon denies that it provided plaintiffs any incorrect information regarding the manufacturer or seller. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

39. The allegations of paragraph 39 are allegations of law, to which no answer is required. Amazon denies that it sold the product at issue.

40. Amazon denies all allegations in paragraph 40.

41. Amazon denies all allegations in paragraph 41.

42. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and therefore denies them.

43. The allegations of paragraph 43 are legal conclusions to which no response is required. Amazon denies that it has any liability to plaintiffs.

44. The allegations of paragraph 44 are legal conclusions to which no response is required.

45. Amazon admits only that, in December 2015, it removed hoverboard listings from the Amazon.com marketplace based on safety concerns and communicated concerns to the owners of accounts that had purchased hoverboards from various sellers on the Amazon.com marketplace. Amazon denies all other allegations in paragraph 45.

46. Amazon admits only that, in December 2015, it removed hoverboard listings from the Amazon.com marketplace based on safety concerns and communicated concerns to the owners of accounts that had purchased hoverboards from various sellers on the Amazon.com marketplace. Amazon denies all other allegations in paragraph 46.

47. Amazon admits only that, in December 2015, it removed hoverboard listings from the Amazon.com marketplace based on safety concerns and communicated concerns to the owners of accounts that had purchased hoverboards from various sellers on the Amazon.com marketplace. Amazon denies all other allegations in paragraph 47.

48. Amazon denies all allegations of paragraph 48.

49. Amazon denies all allegations of paragraph 49.

50. Amazon denies all allegations of paragraph 50.

51. Amazon denies that it made any representations about the product at issue and denies all other allegations of paragraph 51.

52. Amazon denies all allegations of paragraph 52.

53. Amazon denies all allegations of paragraph 53.

54. Amazon denies all allegations of paragraph 54.

55. Amazon denies all allegations of paragraph 55.

56. Amazon denies all allegations in paragraph 56.

57. Amazon denies all allegations in paragraph 57.

58. Amazon denies all allegations in paragraph 58.

## ADDITIONAL DEFENSES

1. Plaintiffs' claims against Amazon fail because Amazon did not design, manufacture, or sell the product at issue.

2. Plaintiffs' claims are preempted and barred by the Communications Decency Act, 47 U.S.C. § 230.

3. Plaintiffs fail to state a claim upon which relief can be granted.

4. Amazon places at issue the negligence, fault, and responsibility, if any, of all persons or entities who contributed in any degree to the injuries, damages, and/or losses alleged by Plaintiffs in proportion to each persons' or entities' negligence, fault, or responsibility. Potential entities with fault include the seller, -DEAL-, and any other entity who designed, manufactured, or sold the product at issue. The identity of non-parties who may have contributed to Plaintiffs' alleged damages is unknown to Amazon at this time and Amazon reserves the right to identify such non-parties after they become known.

5. Plaintiffs specifically allege the fault of the seller. Plaintiffs' alleged damages should be apportioned in accordance with the comparative fault of the seller, and any other parties found at fault. No judgment can be taken against Amazon for the fault of the seller or any other person or entity.

6. Plaintiffs' recovery may be barred or subject to reduction based on comparative fault of one or more Plaintiffs.

7. Plaintiffs may have failed to mitigate damages.

8. Plaintiffs may have received compensation from alternate sources and recovery must be reduced accordingly.

9. Plaintiffs' claims may be governed by the law of another jurisdiction, such as Washington.

10. Amazon relies on those defenses afforded to it by the Tennessee Products Liability Act, codified at Tenn. Code Ann. §§ 29-28-101 *et seq.*

11. Amazon relies on those defenses afforded to it by the Tennessee Consumer Protection Act, codified at Tenn. Code Ann. §§ 47-18-101 *et seq.*

12. Any claim under Section 47-18-104(b)(27) of the Tennessee Consumer Protection Act is barred because it is vested exclusively in the office of the attorney general.

13. Plaintiffs' claim for both punitive damages and treble damages is barred. *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 907 (Tenn. 1999).

14. Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate Amazon's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

15. Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

16. Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

17. Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *Hodges v. S.C. Toof & Co.*, 833 S.W. 2d 896 (Tenn. 1992) and Tenn. Code Ann. §§ 29-28-104 and 29-39-104.

18. Plaintiffs' claims for recovery and damages are limited by, and otherwise subject to the provisions of, any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs, including, but not limited to, all of the provisions contained in Tenn. Code Ann. §29-39-101 through Tenn. Code Ann. §29-39-104.

19. Plaintiffs' claims for non-economic damages are limited and otherwise governed by any applicable states' law on non-economic damages, including, but not limited to, Tenn. Code Ann. §29-39-102, under which Plaintiffs' alleged non-economic damages are limited to $750,000.

20. Plaintiffs' claims for punitive damages are limited and otherwise governed by any applicable states' law on punitive damages, including, but not limited to, Tenn. Code Ann. § 29-39-104, under which the alleged punitive damages recoverable by Plaintiffs are limited to twice the compensatory damages or $500,000, whichever is greater.

**PRAYER FOR RELIEF**

WHEREFORE, Amazon demands the following relief:

A. Dismissal of plaintiffs' claims with prejudice;

D. Amazon's costs of suit, including reasonable attorneys' fees; and

E. Such other relief as the Court may deem just and proper.

Respectfully submitted,

*s/Lela M. Hollabaugh*
Lela M. Hollabaugh (BPR No. 14894)
William F. Goodman (BPR No. 33077)
Fritz Spainhour (BPR No. 34453)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2348
Facsimile: (615) 252-6348
lhollabaugh@bradley.com
wgoodman@bradley.com
fspainhour@bradley.com

Attorneys for Amazon.com, Inc.

133580818.5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following via the court's electronic filing system on this the 17th day of January, 2017:

Mark E. Spear
Kaylin L. Hart
Spear, Spear & Hamby, P.C.
169 Dauphin Street
Suite 200
Mobile, AL  36602

Steven E. Anderson
Sara F. Reynolds
Anderson & Reynolds, PLC
120 30th Avenue, North
Nashville, TN  37203

*s/Lela M. Hollabaugh*