# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

CHARLES BRIAN FOX and MEGAN FOX, )
Individually and as Parents and Next Friends of )
HAILEY FOX, MATTHEW FOX, REBECCA )
FOX, and SARAH FOX, individually, )
                                 )
Plaintiffs )
                                 )
                   v. )
                                 )
AMAZON.COM, INC., )
W2M TRADING CORPORATION, )
                                 )
Defendants. )

Case No.: 3-16-cv-03013
District Judge Waverly Crenshaw
Magistrate Judge Jeffery Frensley
JURY DEMAND

## PLAINTIFFS' RULE 30(B)(6)
## NOTICE OF DEPOSITION TO DEFENDANT AMAZON.COM, INC.

Please take notice that, pursuant to Fed. R. Civ. Pro. 30(b)(6), Plaintiffs will take the deposition of Defendant Amazon.com, Inc. with regard to the matters itemized below on September 26, 2017 commencing at 9 a.m. P.D.T. at a site to be selected by Defendant Amazon.com, Inc. The deposition will be recorded by both stenographic and audio-visual means and will be taken for all purposes under the Federal Rules of Civil Procedure. The person(s) designated must testify about information known, or reasonably available to Amazon, on the following subjects:

1.      All facts, information, and documents upon which Amazon relies in support of its denial that it was a seller of the hoverboard purchased by Plaintiff Megan Fox, as asserted in its Answer To First Amended Complaint.

2.      The distinction in the last three months of 2015 between sales of hoverboards by Amazon, Fulfillment by Amazon (FBA), Amazon Prime, and by third-party sellers (3P).

1

3. The relationship between Amazon and W-Deals, or any related companies, entities, or persons (as identified in correspondence from Amazon's counsel), on the Amazon website, including the types of products marketed and sold, the first and most recent date on which W-Deals sold a product through Amazon's website, and the nature of any communications between Amazon employees and any person acting on behalf of W-Deals from January 1, 2015 to the present.

4. All facts or information supporting your response to Interrogatory No. 5 and the documents produced with respect to Interrogatory No. 5, including but not limited to the precise amount of money retained by Amazon from the sale to Ms. Fox, the precise amount of money sent to or received by W-Deals/W2M Trading, and the precise amount sent to or received by any other person or entity from the sale to Ms. Fox.

5. The reasons why a product sold via the Amazon website in 2015 came under the direction, guidance, or supervision of Amazon's Dangerous Goods Department, including whether hoverboards ever came under the direction, guidance, or supervision of the Dangerous Goods Department.

6. All facts and information upon which Amazon based its December 12, 2015 e-mail sent to purchasers of hoverboards, including all the reasons for the notice, all the "recent news reports" to which the e-mail refers, and all prior versions or drafts of the e-mail.

7. With respect to FOX_AMZ 000795:

a. All facts, information, and details on the "17 Complaints in the US on Amazon.com of hoverboards/batteries catching fire or exploding, or of sparking battery chargers on hoverboards."

2

b.      All facts, information, and details on the statement, "NA Consumer leadership is concerned that these reports might be indicative of a safety issue of these products across Chinese manufacturing."

c.      All facts, information, and details on the "contingency plans" being prepared "should we see safety issues during the holiday season."

d.      All facts, information, and details on the statement, "There's a lot more detail behind this decision and next steps. . ."

8.      All details regarding the number of hoverboards sold through the Amazon website in the last six months of 2015, including but not limited to sales directly by Amazon or by third parties, the total revenue from sales received by Amazon for such sales, Amazon's gross profit on those sales, and Amazon's net profit on those sales.

9.      The total dollar amount of all refunds or returns by Amazon to customers who purchased hoverboards through the Amazon website from July 2015 through February 2016.

10.     All facts, documents, investigations, or information regarding the review of ASIN B00WGX04YM by either the Product Compliance team or the Dangerous Goods department.

11.     The staffing and organizational structure of the Dangerous Goods department during the time period September 2015 through February 2016, including:

(a)     The identity of each employee, their respective supervisor, and each such person's job duties;

(b)     The person(s) ultimately responsible for determining whether a product falls under the direction, guidance, or supervision of the Dangerous Goods department;

3

(c) The date upon which hoverboards, and specifically the product purchased by Ms. Fox came under the direction, supervision, or guidance of the Dangerous Goods department and all reasons why.

(d) The distinction between a product falling under the Dangerous Goods department and a product classified "Hazmat."

12. With respect to Amazon's relationship with J.C. Berg Inc. in 2015 and 2016 regarding the sale of hoverboards:

a. All reasons why Amazon decided not to purchase and/or stop paying for hoverboards sold by J.C. Berg.

b. The factual basis for Amazon employee Rob Passberger's e-mail of November 23, 2015 to J.C. Berg stating that J.C. Berg's prices were "not competitive with offers from the same products on our third-party market-place."

c. The factual basis for Amazon employee Brendan Trickey's statement to J.C. Berg representatives in a phone call in early December 2015 that he had already been in contact with other vendors to obtain hoverboards at a much lower cost than J.C. Berg had agreed to supply them.

d. The basis for a December 4, 2015 e-mail from "Chris U." of Amazon.com Vendor Services instructing J.C. Berg, "Please do not answer any emails or calls from these individuals [referring to Mr. Passberger and Mr. Trickey]."

e. The basis for a December 3, 2015 e-mail from Amazon to J.C. Berg demanding "all safety and compliance documentation" for its hoverboard inventory, including specifically the information or documents sought.

4

f.     The current status of the arbitration between J.C. Berg and Amazon with respect to the sale of hoverboards in 2015 and 2016, including a summary of all documents produced by Amazon as well as a summary of any witnesses who have provided sworn testimony.

13.     All facts, information, or evidence upon which Amazon based its denial in paragraphs 29, 30, 38, 45, 46, and 48 of its Answer To First Amended Complaint.

14.     All information regarding the marketing by Amazon of hoverboards in the calendar year 2015, including but not limited to direct sales by Amazon, third party sales, incentives to the third-party market, and any Holiday marketing incentives or strategies.

Respectfully submitted,

Steven E. Anderson, BPR #13143
Sara F. Reynolds, BPR #21469
Anderson & Reynolds PLC
120 30th Ave. North
Nashville, TN 37203
(615) 942-1700
sanderson@andersonreynolds.com
sreynolds@andersonreynolds.com

5

Mark E. Spear, BPR #11968
Kaylin. L. Hart, BPR #31874
Spear, Spear & Hamby, P.C.
169 Dauphin Street, Suite 200
Mobile, AL 36602
(251) 344-8181
mes@sshlawpc.com
klh@sshlawpc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing that a true and exact copy of the foregoing has been served via electronic mail and U.S. Mail this 8th day of August, 2017 to:

Lela Hollabaugh
William Goodman
Fritz Spainhour
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2348
lhollabaugh@bradley.com
wgoodman@bradley.com
fspainhour@bradley.com

*Attorneys for Defendant Amazon.com, Inc.*

11106

6